HON. THOMAS A. HARNETT Superintendent of Insurance
This is in reply to the November 22, 1976 letter from Honorable Morton Greenspan, Deputy Superintendent and General Counsel, in which he asks whether an insurance company's practice of cancelling and not renewing automobile insurance policies of insureds, because the latter are living with but not married to persons of the opposite sex, violates section 40-e of the Insurance Law.
Section 40-e of the Insurance Law (Chapter 564, Laws of 1975, effective September 1, 1975) provides:
 "No association, corporation, firm, fund, individual, group, order, organization, society or trust shall refuse to issue any policy of insurance, or shall cancel or decline to renew such policy because of the sex or marital status of the applicant or policyholder."
Your letter of inquiry advises that although the insurance company characterizes its cancellation of insurance policies for cohabitation as being based upon "mode of living", it is clearly the marital status of the insureds which underlie the decision of the insurer since the company in question has not cancelled policies based on "mode of living" when two males or two females are living together. Such discrimination on the basis of marital status is a clear violation of section 40-e of the Insurance Law.
The insurer's characterization of its practice as being based upon "mode of living" cannot be used to circumvent the intent of the statute. With regard, in particular, to statutes prohibiting sex discrimination, the New York Court of Appeals has emphasized the importance of insuring "that the intent of the Legislature is not thwarted by * * * semantics." City of Schenectady v. StateDivision of Human Rights, 37 N.Y.2d 421, 428 (1975).
The legislative memorandum of Senator Dunne, the sponsor of the bill which became Chapter 564 of the Laws of 1975 and which added section 40-e to the Insurance Law, indicated that section 40-e was drafted because "sex and marital status discrimination is an extensive underwriting practice in many lines of insurance" and "[o]wing to purely arbitrary factors, people may find themselves unable to obtain insurance coverage." The practice which is described in your letter of inquiry operates in the same arbitrary, discriminatory manner to deny insurance coverage to persons on the now statutorily proscribed ground of marital status. Such practice is "arbitrary because it [is] based upon the application of an unlawful discriminatory rule."Sanbonmatsu v. Boyer, 45 A.D.2d 249, 254 (4th Dept., 1974),appeal dismissed 36 N.Y.2d 871, motion to appeal denied37 N.Y.2d 749 (1975).
Accordingly, I conclude that the denial of coverage, cancellation or nonrenewal of an insurance policy to an applicant or policyholder merely because such applicant or policyholder is living with a person of the opposite sex to whom the applicant or policyholder is not married, is discrimination based on marital status that is prohibited under Insurance Law, § 40-e. Cohabitation without marriage clearly involves a matter of "marital status" within the meaning of Insurance Law, § 40-e, which may not be used by an insurance company as a basis for discrimination.